UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| THE MANNELLA GROUP, INC., <br><br>　　　　　Plaintiff <br><br>　　v. <br><br>CORNERSTONE CHIROPRACTIC MARKETING, INC., and <br>DR. DANIEL HANDFORD, <br><br>　　　　　Defendants | Civil Action No. 3:14cv449 <br><br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plantiff, The Mannella Group, Inc. brings this Complaint against Defendants Cornerstone Chiropractic Marketing and Dr. Daniel Handford alleging as follows:

**THE PARTIES**

1.　　Plaintiff, The Mannella Group, Inc., ("Mannella Group") is a Michigan corporation with its principle place of business at 44250 Garfield Rd., Ste. 104, Clinton Township, MI 48038.

2.　　On information and belief, Defendant Cornerstone Chiropractic Marketing

1

("Cornerstone") is a South Carolina Corporation with a principle place of business at 161 Medical Circle, West Columbia, SC 29169.

3. On information and belief, Defendant Dr. Daniel Handford ("Handford") is an individual and a resident of South Carolina.

**JURISDICTION AND VENUE**

4. This is a civil action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C.A. §101 *et seq*.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

6. This court has personal jurisdiction over Defendants for at least one of the following reasons: (i) on information and belief, Defendants have offered to sell and have sold accused products at seminars held in Charlotte, NC, within this Judicial District and in this State; (ii) on information and belief, Defendants regularly do business or solicit business, engage in other courses of conduct, or derive substantial revenue from products or services provided to individuals in this Judicial District and in this State; and (iii) on information and belief, Defendants have purposefully established substantial, systematic, and continuous contacts within this Judicial District, and expect or should reasonably expect to be hauled into court here. Exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8.      In 2008 Dr. Joseph Mannella, D. C. founded The Disc Institute®, a disc and related pain facility focusing on the treatment of spinal disc conditions and helping those suffering with serious spinal disc problems, in their back or neck, that have not responded to tradition treatments like medications, physical therapy, epidural injections, or chiropractic care.

9.      One of the treatments provided by Dr. Mannella, D. C. at The Disc Institute® is nonsurgical spinal decompression, a motorized device that helps bulging herniated and degenerative discs.

10.     In 2011, Dr. Mannella developed the Decompression Flight School (DFS), an online course that teaches a business platform and framework, including marketing, advertising, patient management, and other materials needed for operating a chiropractic decompression practice.

11.     In 2011, Dr. Mannella created as part of the DFS online course an original work of authorship in physical form fixed in a tangible medium of expression.

12.     The DFS website is a comprehensive source of materials including orientation materials for starting or improving a decompression practice, including practice foundations, phone principles consultations, examinations, and report of findings materials.

13. The DFS website further includes marketing materials and marketing lessons, including examples and instructions for using various marketing media such as cable TV, radio, newspaper, billboards, yellow pages, and magazines.

14. The DFS website includes as part of the marketing materials Radio Commercial Example #2, identified on the website as ScriptSample-Radio2.pdf. A copy of the script is attached as Exhibit A.

15. The DFS website also includes instructional webinars on various topics including consultations, exam process, report of findings, financial presentations, and marketing insights. In addition, the DFS website also includes multiple webinars archiving monthly Q&A calls with Dr. Mannella.

16. The DFS website further includes sample office communications forms suitable for operating a chiropractic decompression practice.

17. The DFS website also includes bonus materials for operating a chiropractic decompression practice and various resources to assist in maintaining the practice.

18. Dr. Mannella has expended substantial resources in creating, developing, and marketing these materials.

19. Plaintiff, Mannella Group, through the DFS website, operates the DFS course whereby chiropractors purchase information, guidance, instruction, and training on Dr. Mannella's method for operating a chiropractic decompression practice.

20. Each individual, before purchasing or using the Decompression Flight School program, must agree to the "Terms and Conditions." A copy of the 'Terms and

4

Conditions" is attached as Exhibit B.

21. As part of the "Terms and Conditions" is included the statement ". . . you may not copy, modify, distribute, transmit, display, reproduce, publish, license any part of this Site; create derivative works from, link to or frame in another website, use on any other website, transfer or sell any information obtained from this Site without the prior written permission of The Mannella Group, Inc.". (Section A5).

22. The "Terms and Conditions" also includes the statement: "No right, title or interest in any of the materials contained on this Site is transferred to you as a result of accessing, downloading or printing such materials." (Section A5).

**DEFENDANT HANFORD'S AFFILIATION WITH THE MANNELLA GROUP**

23. On or about September 2011, Defendant Handford purchased the DFS system from the Mannella Group. In so doing, Handford voluntarily and willfully agreed to be bound by the DFS "Terms and Conditions."

24. On or about January 2012, Hanford also participated in live training on the DFS system with Dr. Mannella at Dr. Mannella's offices, and prepared a testimonial video regarding the value of the DFS system.

25. Since purchasing the DFS system, Handford logged into the DFS website and gained access to all of the DFS materials over 100 times.

26. Handford's access to the DFS website included access to the Radio Commercial Example #2, identified on the website as ScriptSample-Radio2.pdf.

## COPYRIGHT REGISTRATION

27.     The Mannella Group is the owner of all rights in the DFS system.

28.     The DFS system is an original work of authorship fixed in a tangible medium of expression, and constitutes copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. 101 *et seq*.

29.     The DFS website includes as part of the marketing materials Radio Commercial Example #2.

30.     The script of Radio Commercial Example #2 is an original work that may be copyrighted under United States law.

31.     The Mannella Group applied to the copyright office and received a Certificate of Registration dated August 6, 2014 and identified as TX0007889949. A copy of the Certificate of Registration is attached as Exhibit C.

## COUNT I – COPYRIGHT INFRINGEMENT

32.     Mannella Group incorporates paragraphs 1-31 as if set forth in full herein.

33.     Hanford had access to Mannella Group's Radio Commercial Example #2 by Mannella Group providing same to Handford.

34.     On information and belief, Defendants Cornerstone and Handford offered a seminar in Charlotte, North Carolina, on April 19-21, 2013, entitled "The Hardhat Zone-Build a Better Practice".

35.     On information and belief, Dr. Keith Helmendach ("Helmendach") of North

Carolina attended the event in Charlotte, North Carolina on April 19-21, 2013.

36. On information and belief, sometime after attending the seminar, Defendants sold the Total Decompression program to Helmendach, providing access to the Total Decompression materials on the Total Decompression website.

37. On information and belief, Helmendach obtained marketing materials, including a radio advertisement script, either directly from Handford or from the Total Decompression materials, for use by purchasers of the Total Decompression program.

38. On information and belief, in April, 2014 Helmendach aired a radio advertisement using the radio advertisement script in Charlotte, North Carolina. A transcription of the radio advertisement is attached as Exhibit D.

39. The Defendants infringed the copyright of the Plaintiff's script by reproducing, distributing, providing, or selling the Mannella Group's Radio Commercial Example #2, either directly or as part of Defendant's Total Decompression program.

## COUNT II – VIOLATION OF THE LANHAM ACT

40. Mannella Group incorporates paragraphs 1-39 as if set forth in full herein.

41. Defendants have used Mannella Group's marketing materials, including Mannella Group's Radio Commercial Example #2, for their own purposes, and in doing so have passed off the Mannella Group's marketing materials as their own, thereby causing confusion, mistake, or deception as to the origin of Defendants' goods, services, or commercial activities.

42. Defendants' false designation of origin of the marketing materials, including Mannella Group's Radio Commercial Example #2, has and is likely to cause consumer confusion as to the origin of the materials.

43. Defendants have willfully and intentionally caused damages to Mannella Group by such false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), including harm for which Mannella Group is without an adequate remedy at law.

44. Defendants' violation of the Lanham Act is willful and deliberate as Defendants were fully aware that the materials that they misappropriated and used originated with the Mannella Group.

**PRAYER FOR RELIEF**

WHEREFORE, the Mannella Group respectfully requests that the Court enter judgment as follows:

(a) Determining that Defendants have infringed Plaintiff's copyright;

(b) Determining that Defendants have passed off products and/or services provided by Plaintiff as their own in violation of the Lanham Act;

(c) Preliminarily and permanently enjoining Defendants, their respective officers, agents, servants, directors, and employees, and all persons acting in concert, participation, or privity with them or on their behalf, including their subsequent subsidiaries, divisions, successors, and assigns from further acts of infringement of

8

Plaintiff's copyright;

(d)     Awarding damages, including all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven during trial as available under the Copyright Act, 17. U.S.C. §§ 101 *et seq.*;

(e)     That Defendants deliver for impoundment all copies of the script in the Defendants' possession or control and deliver for destruction all infringing copies;

(f)     That Defendants account to Plaintiff for all their profits and any damages sustained by Plaintiff that rise from the foregoing acts of infringement and false representation;

(g)     That, in accordance with such accounting, Plaintiff be awarded judgment for three times such profits and damages pursuant to 15 U.S.C. §1117;

(h)     That Plaintiff be granted costs, disbursements, and reasonable attorneys' fees; and

(i)     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Mannella Group requests a trial by jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: August 18, 2014         Respectfully submitted,

/s/Albert P. Allan
Albert P. Allan
N.C. Bar No. 18882

Allan Law Firm, PLLC
409 East Boulevard
Charlotte, NC 28227
(T) 704-371-5605
(F) 704-372-7411
(E) alallan@allaniplitigation.com

Joseph G. Burgess
Burgess Law Office, PLLC
691 Squirrel Road, Suite 245
Auburn Hills, MI 48326
(T) 248-364-0200
(F) 248-374-9604
(E) jburgess@burgessiplaw.com
Attorneys for Plaintiff The Mannella Group, Inc.

10