IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV449

| | |
|---|---|
| THE MANNELLA GROUP, INC., )<br>)<br>    Plaintiff, )<br>)<br>Vs. )<br>)<br>CORNERSTONE CHIROPRACTIC )<br>MARKETING, INC., and DR. DANIEL )<br>HANDFORD, )<br>)<br>    Defendants. )<br>_____) | ORDER |

This matter is before the Court upon the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed and is ripe for decision.

I.  FACTUAL BACKGROUND

Plaintiff, The Manella Group, Inc. ("Manella"), filed its First Amended Complaint asserting copyright infringement based on Defendants' alleged copying of two separate works: (1) Certificate of Registration dated August 6, 2014, identified as TX0007889949, Title of Work: ScriptSample-Radio2, and (2) Certificate of Registration dated November 3, 2014, identified as PA 1-920-213, Title of Work: Report of Findings/Consultation Video. (First Amended Complaint ("FAC") ¶¶ 45, 50.)

In 2011, Dr. Joseph Mannella developed Decompression Flight School ("DFS"). (FAC ¶ 10.) As part of DFS, Dr. Mannella created the DFS website. (FAC ¶ 11.) The website is a comprehensive source of materials for starting, improving, and operating a chiropractic decompression practice, along with various resources to assist in maintaining the practice,

1

including practice foundations, phone principles consultations, examinations, and report of findings. (FAC ¶¶ 12, 15-17.) The DFS website includes a "Flight Plan," accessible through the DFS website, providing a Consultation module including a video showing a scripted presentation performed by Dr. Mannella and a Report of Findings module including multiple videos showing scripted presentations performed by Dr. Mannella. (FAC ¶¶ 19-20.) The Report of Findings module includes Dr. Mannella performing a scripted presentation to a patient, and part of the presentation includes a whiteboard demonstration where Dr. Mannella uses drawings to explain findings to the patient. (FAC ¶ 21.) The DFS website also includes Radio Commercial Example #2 (Radio Commercial). (FAC ¶ 14, FAC Exhibit A.) These works are only available to chiropractors subscribing the DFS system. (FAC ¶ 22.)

Defendant Handford purchased the DFS system from Mannella. (FAC ¶ 35.) Handford's access to the DFS website included access to Mannella's copyrighted Radio Commercial and Mannella's Report of Findings videos and Consultation videos. (FAC ¶¶ 38-40.)

Defendants created a presentation titled "The NDS Method" and placed the presentation on the website totaldecompression.com, an exclusive membership site accessed by chiropractors purchasing a subscription to the website, as part of its Total Decompression program. (FAC ¶¶ 61- 67, FAC Exhibit F.) Defendants presented "The NDS Method" presentation to chiropractors attending Cornerstone's seminars for commercial profit. (FAC ¶ 68.) The "The NDS Method" presentation incorporates Mannella's Report of Findings video materials, including Dr. Mannella's scripted presentation and illustrations explaining findings to a patient. (FAC ¶¶ 69-71.)

Defendants prepared and placed a document titled "Avoid Back Surgery" on the Total Decompression website for access by chiropractors purchasing a subscription to the Total

2

Decompression website for download and use by chiropractors accessing the total decompression website. (FAC ¶ ¶ 74-76, FAC Exhibit G.) Defendants intended that chiropractors using the "Avoid Back Surgery" document would circulate or distribute the document under the subscribing chiropractor's name and distribute it to potential clients and patients requesting a copy in response to advertising by the chiropractor. (FAC ¶ ¶ 77-78.) The "Avoid Back Surgery" document incorporates the Report of Findings video materials, including Dr. Mannella's scripted presentations and illustrations explaining findings to a patient. It also incorporates the Consultation video materials, including Dr. Mannella's scripted presentation, and infringes the copyright of Mannella's video presentations. (FAC ¶ ¶ 81-83.)

Defendants obtained a copy of the radio commercial from the DFS website and provided it to a third party, Dr. Helmendach. (FAC ¶ ¶ 85-86.) Defendants used the radio commercial for their own purpose and passed it off as their own to Dr. Helmendach. (FAC ¶ 88.) Plaintiff alleges that Defendant's false designation of origin of the DFS systems and materials, including the radio commercial is likely to cause consumer confusion and damage to Mannella. (FAC ¶ ¶ 89-91.)

Plaintiff's First Amended Complaint asserts four claims against Defendants: three counts of copyright infringement and one count of violation of the Lanham Act. Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

A complaint survives a motion to dismiss pursuant to Rule 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v Twombly*, 550 U.S.

544, 570 (2007).) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III. DISCUSSION

To establish a case for copyright infringement, a plaintiff must allege "'(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.'" *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir.2004) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Defendants argue that Counts II and III of Plaintiff's First Amended Complaint fail to state a claim because Plaintiff did not supply a copy of the allegedly infringed works nor specify the precise elements of the original work that are being infringed.

Contrary to Defendants' position, a heightened pleading standard is not required, "but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; see also, *CoStar Realty Info., Inc. v. Field*, 612 F. Supp. 2d 660, 674 (D. Md. 2009) (no heightened pleading standard for copyright infringement, and plaintiff need only state that it had a valid copyright and the defendant infringed upon an original work).

The Court finds that Plaintiff has sufficiently plead claims for copyright infringement. Plaintiffs in a copyright infringement action are not required to append copies of the actual work, so long as the complaint complies with the notice requirements of Rule 8. No additional specificity is required.

Defendant seeks to dismiss Count I on the basis of a "fair use" defense. Certain uses of an owned copyright are not considered infringement because such uses constitute "fair use" of

4

the content of a copyrighted work. Title 17 U.S.C. § 107 provides that "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." "A 'fair use' defense is fact-specific, because a court must delve into issues such as the purpose and character of the use, the amount of the portion used in relation to the copyrighted work as a whole, and the effect of the use on the market for the copyrighted work." *Red Bull GmbH v. RLED, LLC*, 515 F. Supp. 2d 641, 648 (M.D.N.C. 2007) (citing *Bond v. Blum*, 317 F.3d 385, 394 (4th Cir. 2003). Whether a given use of copyrighted material is "fair" requires a case-by-case analysis in which the statutory factors are not "treated in isolation" but are "weighed together, in light of the purposes of copyright." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994.) Because fair use is an affirmative defense to copyright infringement, the burden is on the defendant to prove fair use. *Id.* at 590.

The Court finds that at this point in the litigation, it is premature to consider whether Defendants' use of Plaintiff's copyrighted works could be considered "fair use." Accordingly, the Court will not dismiss this claim based upon Defendants' "fair use" contentions.

In Count IV of its First Amended Complaint, Plaintiff alleges that Defendants violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits a "false designation of origin" that is "likely to cause confusion . . . as to the origin . . . of . . . goods." Plaintiff alleges that Defendants violated the Lanham Act by passing off Plaintiff's radio commercial as their own, known as a "reverse passing off" claim. One of the essential elements of a reverse passing off claim is that the work at issue originated with the plaintiff. *See Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 438 (4th Cir. 2010.)

5

Defendants argue that Plaintiff's Lanham Act claim fails as a matter of law because a copyright is not a "good" that is subject to Lanham Act protection and claims such as the one herein do not involve "false designation of origin." In support of their argument that this claim should fail as a matter of law, Defendants rely on the Supreme Court case of *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). In *Dastar*, the Supreme Court considered whether § 43(a) of the Lanham Act applied where the Plaintiff Dastar copied videos of Defendant's television series, made minor modifications, and produced its own product without attribution to Fox. Fox alleged that Dastar's sale of the videos without proper credit to the original television series constituted "reverse passing off." *Daster*, 539 U.S. at 27. The Court addressed whether the term "origin" referred only to the manufacturer or producer of the physical "goods" made available to the public, the videotapes. *Id.* at 31. The Court held that the phrase "origin of goods" as used in the Lanham Act "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* at 37. Thus, the Court concluded that Dastar was the "origin" of the goods, and the Lanham Act claim failed. *Id.* at 38. The Court noted, however, that a claim for reverse passing off would be sustained "if Dastar had bought some of [Defendant's] videotapes and merely repackaged them as its own." *Id.* at 31.

Plaintiff argues that this case presents precisely the same situation that the Supreme Court recognized as being viable under the Lanham Act: Defendants purchased access to Plaintiff's radio commercial and "merely repackaged" it as their own. In support of its argument, Plaintiff cites *Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417 (4th Cir. 2010.) *Universal Furniture*, however, involved the defendant taking tangible goods, that is, plaintiff's furniture line, and marketing it as its own furniture. 618 F.3d at 437-38. The present

case is not a case where Defendants obtained Plaintiff's physical products, replaced Plaintiff's name with their own, and then sold them as Defendants' own products. *See Logan Developers, Inc. v. Heritage Buildings, Inc*., 3013 WL 5460757, *4 (E.D.N.C. September 30, 2013). The *Dastar* Court emphasized that unlike copyright and patent laws, the Lanham Act was not designed to protect originality or creativity. *Dastar*, 539 U.S. at 37. Plaintiff's radio commercial is a creative work or communication that is protected by the copyright laws.

The Plaintiff seeks to distinguish *Dastar* by pointing out that the videos at issue therein were in the public domain (the original copyrights had expired) when Dastar copied them. However, *Dastar*'s holding does not turn on whether the work was in the public domain, but on the analysis of the term "origin of goods." *See Logan Developers,* 3013 WL 5460757, at *4; *Vogel v. Wolters Kluwer Health, Inc.*, 630 F.Supp.2d 585, 591 (M.D.N.C. 2008).

In applying *Dastar* to the facts in this case, the court must conclude that Plaintiff's Lanham Act claim fails. Plaintiff is not the "origin" of the marketing materials sold by Defendants, but rather the author of the communication embodied in the materials. Plaintiff's claims must be pursued under copyright law, as the claim is in substance a copyright infringement claim, not a false designation of origin claim. Accordingly, Plaintiff's Lanham Act claim is dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby GRANTED IN PART AND DENIED IN PART.

Signed: May 21, 2015

Graham C. Mullen
United States District Judge